Annie M. Sliney  
vs. }Law No. 69861  
Ernest J. Cormier et al.

## RESCRIPT

March 5, 1927

TANNER, P. J. This is an action at law brought to enforce an agreement and is heard upon the defendants' demurrer.

The agreement recites that one Mary McCarthy was loaning to the defendants $1000 for a period of six years. It also provides that if said Mary McCarthy is not living at the end of said six years the loan shall be paid to the husband of said Mary McCarthy, if living, or, if not living, then to her niece, the plaintiff Annie M. Sliney. Said term of six years was further extended for six years. The loan was not paid either to said Mary McCarthy or her husband, both of whom are dead.

There are two main grounds of demurrer, first: that the alleged agreement is testamentary in character and that it has not been executed or proven as a will.

The defendants rely upon the case of Ferreira vs. Russo, 40 R. I. 543. That was a case where two partners agreed that the share of one should go to the other in the event of the death of the partner, and that the surviving partner would pay to the heirs of the deceased $275. It is to be said of this case that it is contrary to the general line of decisions.

First page on Law of Contracts, Sec. 68, Note 2 and cases cited.

The case at bar might perhaps be distinguished from the Ferreira case. We should think that the plaintiff might be said to have had a present interest in the fund at the time of the execution of the agreement if it were not for the principle involved in the next ground of demurrer.

The next ground of demurrer is that it appears that said agreement upon which the plaintiff bases her action is not a valid agreement for the benefit of a third party.

The chief difficulty in actions brought for the benefit of a third party who is not a party to the agreement is that there is no privity of contract. In some states this objection has been overruled even in a case like the present one, but in Rhode Island the law is well settled that such an action cannot be maintained unless there is a novation.

In the case of Wilbur vs. Wilbur, 17 R. I., page 295 at page 296, the Court said:

"The second ground is, that the action is maintainable on the authority of Urquhart vs. Brayton, 12 R. I. 169, and Wood vs. Moriarty, 15 R. I. 518. In each of those cases there was a debt due to the plaintiff from a third person, which the defendant, in consideration of a conveyance or release from the debtor, assumed and agreed to pay in the debtor's stead. In the case at bar there was no debt due to the plaintiff which defendant's testator assumed, the note being a gratuitous promise void in law. We are not prepared to extend the authority of the cases mentioned to a case where no debt is assumed."

While we sympathize with the position of the plaintiff we cannot sustain the action in view of the law as it stands in this State.

The demurrer is therefore sustained.

For Plaintiff: Frank H. Bellin.

For Defendant: Curran, Hart, Gainer & Carr.